1  MICHELE BECKWITH
   Acting United States Attorney
2  EMILY G. SAUVAGEAU
   Assistant United States Attorney
3  MATTHEW DEMOURA
   Special Assistant United States Attorney
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
6
   Attorneys for Plaintiff
7  United States of America

8
                    IN THE UNITED STATES DISTRICT COURT
9
                     EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO. 2:24-CR-92-DC

12                          Plaintiff,     PLEA AGREEMENT

13              v.

14  JULIAN ARELLANO-TAYLOR,

15                          Defendant.

16

17
                        I.    INTRODUCTION
18
    A.    Scope of Agreement
19
         The indictment in this case charges the defendant with violations of 18 U.S.C. § 922(a)(1)(A),
20
    unlawful dealing in firearms (Count One); 26 U.S.C. § 5861(d), possession of an unregistered firearm
21
    (Count Two); 18 U.S.C. § 5861(i), possession of an unserialized firearm (Count Three); and 21 U.S.C.
22
    § 841(a)(1), distribution of cocaine (Counts Four and Five). This document contains the complete plea
23
    agreement between the United States Attorney's Office for the Eastern District of California (the
24
    "government") and the defendant regarding this case. This plea agreement is limited to the United
25
    States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or
26
    local prosecuting, administrative, or regulatory authorities.
27

28

PLEA AGREEMENT                              1           UNITED STATES V. JULIAN ARELLANO-TAYLOR

**B.**     **Court Not a Party**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

**A.**     **Guilty Plea**

The defendant will plead guilty to Counts One and Four of the Indictment. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

**B.**     **Sentencing Recommendation**

The defendant and his counsel may recommend whatever sentence they deem appropriate.

1    **C.**    **Fine**

2    The parties agree that no fine is appropriate in this case.

3    **D.**    **Special Assessment**

4    The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering
5 a check or money order payable to the United States District Court to the United States Probation Office
6 immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at
7 the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating
8 in the Inmate Financial Responsibility Program.

9    **E.**    **Defendant's Violation of Plea Agreement or Withdrawal of Plea**

10    If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw
11 his plea, this plea agreement is voidable at the option of the government. The government will no longer
12 be bound by its representations to the defendant concerning the limits on criminal prosecution and
13 sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime
14 or provide any statement or testimony which proves to be knowingly false, misleading, or materially
15 incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a
16 violation of the agreement. The determination whether the defendant has violated the plea agreement
17 shall be decided under a probable cause standard.

18    If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the
19 government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded
20 guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file
21 any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter
22 be subject to prosecution for any federal criminal violation of which the government has knowledge,
23 including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these
24 options is solely in the discretion of the United States Attorney's Office.

25    By signing this plea agreement, the defendant agrees to waive any objections, motions, and
26 defenses that the defendant might have to the government's decision to exercise the options stated in the
27 previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as
28 of the date of this plea agreement may be commenced in accordance with this paragraph,

1  notwithstanding the expiration of the statute of limitations between the signing of this plea agreement
2  and the commencement of any such prosecutions.  The defendant agrees not to raise any objections
3  based on the passage of time with respect to such counts including, but not limited to, any statutes of
4  limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth
5  Amendment to any counts that were not time-barred as of the date of this plea agreement.

6      In addition: (1) all statements made by the defendant to the government or other designated law
7  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,
8  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or
9  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no
10 claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal
11 Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by
12 the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.
13 By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

14              ## III.    THE GOVERNMENT'S OBLIGATIONS
15      ### A.    Dismissals

16      The government agrees to move, at the time of sentencing, to dismiss without prejudice the
17 remaining counts in the pending indictment.  The government also agrees not to reinstate any dismissed
18 count except if this agreement is voided as set forth herein, or as provided in II.E (Defendant's Violation
19 of Plea Agreement) and VII.B (Waiver of Appeal) herein.

20      ### B.    Recommendations

21          1.    Incarceration Range

22      The government will recommend that the defendant be sentenced to the low end of the
23 applicable guideline range for his offenses, as determined by the Court. The government may
24 recommend whatever it deems appropriate as to all other aspects of sentencing.

25          2.    Supervised Release

26      The government will recommend that the defendant be sentenced to a term of supervised release
27 of three years.

28

PLEA AGREEMENT                    4            UNITED STATES V. JULIAN ARELLANO-TAYLOR

3.    Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C.    **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.    **ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty:

As to Count One, unlawful dealing in firearms:

1.    The defendant willfully engaged in dealing in firearms within the dates specified in the indictment; and

2.    The defendant did not then have a license as a firearms dealer.

As to Count Four, distribution of cocaine:

1.    The defendant knowingly distributed cocaine;

2.    The defendant knew that it was cocaine or some other federally controlled substance.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

1

2

## V.    MAXIMUM SENTENCE

### A.    Maximum Penalty

3    As to Count One, the maximum sentence that the Court can impose is five years in prison, a fine
4  of up to $250,000, a term of supervised release of up to three years, and a mandatory special assessment
5  of $100.

6    As to Count Four, the maximum sentence that the Court can impose is twenty years in prison, a
7  fine of up to $1,000,000, a term of supervised release of at least three years, and a mandatory special
8  assessment of $100.

9

### B.    Violations of Supervised Release

10    The defendant understands that if he violates a condition of supervised release at any time during
11  the term of supervised release, the Court may revoke the term of supervised release and require the
12  defendant to serve up to two years of additional imprisonment.

13

## VI.    SENTENCING DETERMINATION

14    The defendant understands that the Court must consult the Federal Sentencing Guidelines and
15  must take them into account when determining a final sentence. The defendant understands that the
16  Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the
17  Sentencing Guidelines and must take them into account when determining a final sentence. The
18  defendant further understands that the Court will consider whether there is a basis for departure from the
19  guideline sentencing range (either above or below the guideline sentencing range) because there exists
20  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into
21  consideration by the Sentencing Commission in formulating the Guidelines. The defendant further
22  understands that the Court, after consultation and consideration of the Sentencing Guidelines, must
23  impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The parties
24  may argue under § 3553(a) in support of their respective sentencing recommendations detailed above.

25

## VII.    WAIVERS

26

### A.    Waiver of Constitutional Rights

27    The defendant understands that by pleading guilty he is waiving the following constitutional
28  rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be

1   assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative
2   defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of
3   conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to
4   testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be
5   compelled to incriminate himself.

6   ### B.   Waiver of Appeal and Collateral Attack

7          The defendant understands that the law gives the defendant a right to appeal his guilty plea,
8   conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to
9   appeal any aspect of the guilty plea, conviction, or the sentence imposed in this case. The defendant
10  understands that this waiver includes, but is not limited to, any and all constitutional and/or legal
11  challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which
12  defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts
13  attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant
14  specifically gives up the right to appeal any order of restitution the Court may impose.

15         Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if
16  one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the
17  statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant
18  understands that these circumstances occur infrequently and that in almost all cases this Agreement
19  constitutes a complete waiver of all appellate rights.

20         In addition, regardless of the sentence the defendant receives, the defendant also gives up any
21  right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any
22  aspect of the guilty plea, conviction, or sentence imposed in this case, except for non-waivable claims.

23         Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will
24  move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss
25  the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading
26  guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea
27  Agreement) herein.

28

1

### VIII.    ENTIRE PLEA AGREEMENT

2    Other than this plea agreement, no agreement, understanding, promise, or condition between the

3  government and the defendant exists, nor will such agreement, understanding, promise, or condition

4  exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

5  counsel for the United States.

6

### IX.    APPROVALS AND SIGNATURES

7    **A.    Defense Counsel**

8    I have read this plea agreement and have discussed it fully with my client. The plea agreement

9  accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to

10  plead guilty as set forth in this plea agreement.

11  Dated:  **5/05/2025**

12

CHRISTINA SINHA
Counsel for Defendant

13

14    **B.    Defendant**

15    I have read this plea agreement and carefully reviewed every part of it with my attorney. I

16  understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully

17  understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

18  case. No other promises or inducements have been made to me, other than those contained in this plea

19  agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.

20  Finally, I am satisfied with the representation of my attorney in this case.

21  Dated:  **5/05/2025**

22

JULIAN ARELLANO-TAYLOR,
Defendant

23

24

25

26

27

28

PLEA AGREEMENT                        8                UNITED STATES V. JULIAN ARELLANO-TAYLOR

1    C.    **Attorney for the United States**

2    I accept and agree to this plea agreement on behalf of the government.

3

4    Dated: 5/6/2025                          MICHELE BECKWITH
                                               Acting United States Attorney
5

6                                      By: _____
                                               EMILY G. SAUVAGEAU
7                                              Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## Factual Basis for Plea

3      If this matter proceeded to trial, the United States would establish the following facts beyond a

4  reasonable doubt:

5      As to Count One, the defendant, Julian Arellano-Taylor, engaged in the business of dealing in

6  firearms without a license between May 3, 2023 and March 3, 2024. Arellano-Taylor used the social

7  medial platform Instagram to advertise firearms for sale. One of his customers was actually an ATF

8  confidential informant ("CI"), and Arellano-Taylor sold the CI the following firearms:

9      1) Privately Made Firearm (PMF), 9mm caliber pistol with no serial number;
       2) PMF, .223 caliber short barrel rifle with no serial number;
10     3) Glock, model: 22, .40 caliber pistol, with serial number BVKZ964;
11     4) PMF, .556 caliber, short barreled rifle with no serial number;
12     5) PMF, Model: AR-15 style, 5.56x45 caliber rifle, with no serial number;
       6) PMF, Model: Glock style, 9mm pistol, with no serial number and an extended and standard
13        magazines;
14     7) Ruger, Model: P89, 9mm caliber pistol, with serial number 314-45744;
       8) Fabrique Nationale Herstal (FN), Model: Five-Seven, 5.7x28 mm caliber pistol, serial number
15        386340868;
16     9) Century Arms International, Model: AK-63DS, 7.62x39 caliber rifle, with serial number F04074,
          with a 30-round magazine and 26 7.62x39 rounds of ammunition;
17     10) Smith & Wesson, Model: M&P, 5.56x45 caliber rifle, with serial number SV70914;
18     11) Anderson Manufacturing, Model: AM-15, 5.56x45 caliber rifle, with no serial number.

19     Arellano-Taylor made money from these firearm sales, engaged in the business of dealing in

20  firearms, and told the CI that he was buying firearms out of state and selling them in California to

21  increase his profit margin. Arellano-Taylor did not and has never had a federal firearms license, which is

22  required under federal law in order to engage in the business of dealing in firearms.

23     As part of this Plea Agreement, Arellano-Taylor stipulates that he was engaged in the business of

24  dealing in firearms and did not then have a license as a firearms dealer. Arellano-Taylor further agrees

25  that at the time of the offense, he knew that dealing in firearms without a license was unlawful.

26  Arellano-Taylor further agrees that he sold at least eleven firearms during the time period charged in

27  Count One, to which he is pleading guilty.

28     As to Count Four, on September 29, 2023, Arellano-Taylor knowingly distributed cocaine at the

PLEA AGREEMENT                                    A-1

1  same time that Arellano-Taylor sold a firearm to the CI. During a previous controlled purchase,
2  Arellano-Taylor told the CI that he could sell cocaine for $800-900 per "zip," which is slang for an
3  ounce of cocaine. On September 29, 2023, Arellano-Taylor met with the CI at a public parking lot in
4  Sacramento and sold the CI a Smith & Wesson M&P 15, 556x45 caliber rifle and approximately two
5  ounces of cocaine in exchange for $2700 total. DEA lab results later confirmed that the substance was
6  cocaine, weighed 55.7 grams, and was approximately 92% pure. Arellano-Taylor stipulates that he knew
7  that this substance he distributed was cocaine.

8

9  I, JULIAN ARELLANO-TAYLOR, have read the Factual Basis for Plea and agree to the facts and
10 stipulations contained therein.

11
12  Dated: 5/05/2025                          JULIAN ARELLANO-TAYLOR,
13                                            Defendant

PLEA AGREEMENT                    A-2