HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
heather_williams@fd.org

Attorney for Defendant
JULIAN MATTHEW ARELLANO-TAYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case №:2:24-CR-00092-DC |
|---|---|---|
| Plaintiff, | ) | **SENTENCING MEMORANDUM** |
| vs. | ) | |
| JULIAN MATTHEW ARELLANO-TAYLOR, | ) | |
| Defendant. | ) | |

Defendant JULIAN MATTHEW ARELLANO-TAYLOR, by and through Federal Defender, Heather E. Williams, offers this *Sentencing* Memorandum for the court's consideration at his August 22, 2025, sentencing.

SUBMITTED: August 15, 2025.

                                        HEATHER E. WILLIAMS
                                        Federal Defender

                                        *s/ Heather E. Williams*
                                        HEATHER E. WILLIAMS
                                        Federal Defender
                                        Attorney for Defendant
                                              JULIAN ARELLANO-TAYLOR

**ATTACHMENTS**

A -    JULIAN ARELLANO-TAYLOR's letter to the court.

B -    JULIAN ARELLANO-TAYLOR's California Department of Corrections and Rehabilitation (CDCR) record.

C -    Example of JULIAN's cocaine count equivalent amount.

D -    JULIAN's mother, Aleica Arellano-Taylor's letter to the court.

E -    JULIAN's aunt, Lilia Rivera's letter to the court.

F -    JULIAN'S co-worker, Gabriela Moralez's letter to the court.

G -    JULIAN's grandfather, Richard Arellano's letter to the court.

**Reasons for the Court to Accept the Plea Agreement.
and Impose a Sentence of 108 months
in the Bureau of Prisons Sentence with
Concurrent Time beginning March 7, 2029.**

JULIAN ARELLANO-TAYLOR asks this Court to accept his written plea agreement and further asks this Court to impose a sentence of 108 months in prison, the bottom of the applicable Guideline range and Probation's recommendation.

However, Probation further recommends his prison sentence runs **consecutive** to JULIAN's current California State Sentence. That sentence of 10 years prison is for a March 10, 2023, robbery JULIAN admitted committing and for which law enforcement arrested him March 4, 2024.[1] Counsel asks this Court to impose JULIAN's federal sentence partially concurrent with his state sentence, with concurrent time to start on March 4, 2029. This date places JULIAN five (5) years into his 10-year prison sentence, certainly longer than the one (1) year imposed for his probation violation in his May 2023 misdemeanor domestic violence case.[2] It is also a minimum of 2 years before his first a parole eligibility date. At best for JULIAN, it might reduce his combined state and federal imprisonment by 2 years.

---

[1] Presentence Report (PSR) ¶33 (Dkt.26, p.10).

[2] *Id.* at ¶32 (p.10).

*United States v. Arellano-Taylor*           1           Sentencing Memorandum

18 U.S.C. § 3584(a) states:

> If multiple terms of imprisonment are imposed on a defendant at the same time, . . . the terms may run concurrently or consecutively, . . .. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively **unless the court orders that the terms are to run concurrently.**

Any decision on whether to impose concurrent versus consecutive time is controlled by this Court's discretion under 18 U.S.C. §3553(a)'s prime directive to "impose a sentence sufficient, but not greater than necessary, to comply with (subsection 2') purposes." Thos purposes include the sentence's need to:

(A) to reflect the offense's seriousness, promote respect for the law, and provide just punishment for the offense;

(B) "to afford adequate deterrence to criminal conduct;"

(C) to protect the public from a defendant's further crimes; and

(D) to provide Julian with any "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

JULIAN has been in custody since March 4, 2024, and is currently serving his 10-year sentence from that arrest date. JULIAN will be eligible for parole January 2031 (in 6 years), and, in the California parole system, parole release is not automatic and depends upon JULIAN's conduct in prison.[3]

*Impact of a Partially Concurrent Time Sentence*  Should this Court impose the partially concurrent time requested, the impact on JULIAN would be:

---

[3] Attachment B: JULIAN ARELLANO-TAYLOR's California Department of Corrections and Rehabilitation (CDCR) record.

*United States v. Arellano-Taylor*       1              Sentencing Memorandum

- Given JULIAN is 21 years old and
- his March 7, 2024, arrest on the 3/10/23 robbery and 10-year state sentence running from that custody, and
- his possible 108-137 months federal sentence (9 to 11.5-ish years, with good time having him serve 7.75 – 9.8 years)
- meaning,
    A: **without the proposed concurrent time**, JULIAN would serve a total of 14.75 – 16.8 years prison if the State granted parole in 1/31, so JULIAN would **leave BOP at age 35-37 years old**, with almost half his life to that point in prison; or
    B: **with the suggested concurrent time start date**, JULIAN would have a possible minimum **release from BOP at age 33-ish**, 12 years from now.

*Young Male Adult Brain Development*  JULIAN was 19 years old when he committed the above robbery through each of his four (4) federal charges, including the 9 interactions encompassed by Count 1's firearms dealing – March 10 (date of the sentenced state robbery) through October 11, 2023.[4] Studies within the past 10 years show brain development in males may continue even past age 25 to almost 30 years.[5]  At age 21 now, JULIAN has

---

[4] PSR, p.2 and ¶¶5-7 (p.4-6).

[5] R.A.I. Bethlehem et al, *Brain Charts for the human lifespan*, Nature, (4/2/2022), https://www.nature.com/articles/s41586-022-04554-y."WMV [white matter volume] also increased rapidly from mid-gestation to early childhood, peaking at 28.7 years (95% bootstrap CI 28.1–29.2), with subsequent accelerated decline in WMV after 50 years." "Some studies have found that there may be a link between changes in myelin and the following conditions: Autism, posttraumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), depression, and obsessive-compulsive disorder (OCD), suggesting that white matter may play a part in many mental health and developmental conditions."  Olivia Guy-Evans, *What is White Matter in the Brain*, Simply Psychology (9/18/2023), https://www.simplypsychology.org/what-is-white-matter-in-the-brain.html

*United States v. Arellano-Taylor*                    1                    Sentencing Memorandum

several vital years of brain development ahead of him.  The proposed concurrent time date begins in JULIAN's 25th year.

*Sentencing Entrapment*  JULIAN's Indictment and particularly his Count 1 conviction encompasses 8 separate dates including 6 confidential informant buys, all while JULIAN was 19 years old.

A district court can ". . . reduce [or mitigate] the sentences of defendants who are not predisposed to engage in deals as large as those induced by the government."[6]  Additionally, when a defendant has not been entrapped in the legal sense but there is evidence of "aggressive wrongdoing" by an informant or by managing agents hoping to recruit the defendant to become and added informant, there may be grounds for downward departure.[7]  Agents could have arrested and charged JULIAN after the first informant meeting, yet at least 6 informant/JULIAN meetings happened increasing his Guidelines from the first transactions 2 weapons[8] to the eventual 11 weapons adding 4 Guideline levels under U.S.S.G. §2K2.1(b)(1)(B), and maybe more given the other increases.[9]

## CONCLUSION

THEREFORE, Defendant JULIAN ARELLANO-TAYLOR respectfully requests this Court impose a portion of his federal sentence concurrent with his sentence in San Joaquin County Superior Court Case No. CR-2024-0002690, starting from March 4, 2029, based upon:

- His youth currently (21 years old) and at the time on his convicted offense (19 years old);
- that his male young adult brain is still developing;

---

[6] *United States v. Staufer*, 38 F.3d 1103, 1107 (9th Cir.1994).
[7] *United States v. Garza-Juarez*, 992 F.2d 896, 910-912 (9th Cir.1993).
[8] PSR, ¶6, p.5.
[9] *Id.* at ¶17, p.8.

United States v. Arellano-Taylor            1            Sentencing Memorandum

- the sentencing entrapment occurring in his case adding at least 4 Guideline levels to his offense calculations;
- his family and coworker support despite his actions;
- his own insights reflected in his Presentence Interview and letter to this Court; and
- the Court's obligation to impose a sentence sufficient but no greater than necessary.

If this Court wishes to impose a partially concurrent sentence, the defense requests the Court include in its *Judgment* this paragraph:

> The Court is imposing a partially concurrent sentence in this case with the California State 10-year sentence imposed in San Joaquin County Superior Court Case No. CR-2024-0002690.  The federal concurrent sentence start date begins starting from and including March 4, 2029, regardless of the status and/or granting of the California prison sentence parole period for Mr. Arellano-Taylor.

Respectfully submitted this August 15, 2025.

            HEATHER E. WILLIAMS
            Federal Defender

            */s/ Heather E. Williams*
            HEATHER E. WILLIAMS
            Federal Defender
            Attorney for Defendant
              JULIAN ARELLANO-TAYLOR